

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

Nos. 04-18-00524-CR & 04-18-00525-CR

Braulio **TIRADO-MORALES**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 451st Judicial District Court, Kendall County, Texas
Trial Court Nos. 6200 & 6201
Honorable Maria Teresa Herr, Judge Presiding

Opinion by:    Sandee Bryan Marion, Chief Justice

Sitting:    Sandee Bryan Marion, Chief Justice
Irene Rios, Justice
Liza A. Rodriguez, Justice

Delivered and Filed: November 20, 2019

AFFIRMED

Appellant Braulio Tirado-Morales ("Tirado-Morales") was indicted and tried in two separate cause numbers. In the first cause number, the jury found Tirado-Morales guilty of three counts of aggravated sexual assault of a child and assessed punishment at twelve years' confinement. In the second cause number, the same jury found Tirado-Morales guilty of one count of indecency with a child by sexual contact and assessed punishment at four years' confinement. The trial court cumulated the sentences and ordered them to run concurrently. We affirm the trial court's judgments.

**Background**

Tirado-Morales was born in May 1992. In 2016, Tirado-Morales's minor relatives, E.G. and K.G., reported to law enforcement that Tirado-Morales had sexually abused them between June 2006 and November 2008. Because Tirado-Morales was between the ages of 14 and 16 at the time the offenses took place, he was charged as a juvenile in two cause numbers.

The trial court, sitting as the juvenile court, held a hearing pursuant to Family Code section 54.02 to consider whether to waive its exclusive, original jurisdiction and exercise its discretionary power to transfer both cause numbers to the criminal district court. Following the hearing, the trial court made findings of fact, waived its juvenile jurisdiction, and transferred both cause numbers to itself as the criminal district court.

Prior to trial, Tirado-Morales filed a motion to suppress the outcry statement of E.G.'s and K.G.'s mother Rosalia. The State subsequently filed notices of intent to elicit outcry statements from San Antonio Police Officer Joshua Stoever and E.G.'s school guidance counselor Lisa Polanco-Contreras. Tirado-Morales moved to suppress those statements as well. The trial court held a pre-trial reliability hearing, at which Rosalia, Polanco-Contreras, and E.G. testified.

During the reliability hearing, Rosalia testified E.G. told her in December 2015 that "Lalo" (Tirado-Morales) had molested her. Rosalia "didn't have the courage," however, to ask E.G. any follow-up questions, and E.G. did not provide Rosalia any further details other than that she had been "molested."

Polanco-Contreras testified that on February 11, 2016, E.G.'s teacher asked her to counsel E.G. after she made concerning statements about running away from home. Polanco-Contreras contacted the school vice principal, who then contacted Rosalia. Rosalia informed Polanco-Contreras that E.G. had reported being touched inappropriately by her cousin. Then, outside of Rosalia's and the vice principal's presence, E.G. told Polanco-Contreras "that what had happened

to her was that—what they do to make babies. . . . What a man and a woman do to make babies." E.G. made a hand gesture indicating to Polanco-Contreras that "intercourse" had taken place. E.G. did not remember if the abuse took place when she was in kindergarten or first grade, but she stated the abuse happened in Boerne before the family moved to San Antonio. E.G. identified her cousin, Tirado-Morales, as the person who abused her.

E.G. testified she told Rosalia that Tirado-Morales had "touched" her but did not tell Rosalia anything more than that. When E.G. first told Rosalia that Tirado-Morales had touched her, she did not say specifically where he had touched her; rather, E.G. testified: "I just told her that he had touched me and she started crying, so I didn't want to say anything else." E.G. remembers telling Polanco-Contreras that Tirado-Morales "had done to [her] what people do to make babies" and making a hand gesture to indicate what happened. At the time E.G. talked to Polanco-Contreras, she had not given that much detail to any other adult. After she talked to Polanco-Contreras, E.G. talked to a San Antonio police officer and gave him a lot of details.

At the conclusion of the pre-trial reliability hearing, the trial court determined "[Polanco-Contreras] is the appropriate outcry witness," and denied Tirado-Morales's motion to suppress her outcry witness testimony. At trial, Polanco-Contreras, Rosalia, Officer Stoever, E.G., and K.G., among others, testified for the State. The jury convicted Tirado-Morales of aggravated sexual assault of a child and indecency with a child by contact. Tirado-Morales appeals.

## Admission of "Outcry" Witness Testimony

In his first issue on appeal, Tirado-Morales argues the trial court "erroneously allowed for the admission of hearsay testimony of Polanco[-]Contreras . . . under the 'outcry witness' rule." The crux of Tirado-Morales's argument, however, appears to be that the trial court erroneously permitted the State to elicit hearsay testimony from Officer Stoever and Rosalia, whom the trial court did not designate as outcry witnesses. In the interest of justice, we address both arguments.

## A. Applicable law and standard of review

The trial court may admit the hearsay statements of certain abuse victims, including child victims of sexual offenses, if the statements were made to an "outcry" witness. *Lopez v. State*, 343 S.W.3d 137, 140 (Tex. Crim. App. 2011) (citing TEX. CODE CRIM. PROC. ANN. art. 38.072). An outcry witness is the first person over the age of 18, other than the defendant, to whom the child victim spoke about the offense. *Id.* There may be only one outcry witness per event. *Id.* The child victim's outcry statement "must be 'more than words which give a general allusion that something in the area of child abuse is going on' [and] must be made in some discernable manner [that] is event-specific rather than person-specific." *Id.* (quoting *Garcia v. State*, 792 S.W.2d 88, 91 (Tex. Crim. App. 1990)). In order to invoke the outcry witness exception to the general hearsay rule: (1) the State must notify the defendant of the name of the outcry witness and provide a summary of the witness's testimony; (2) the trial court must conduct a reliability hearing outside the jury's presence; and (3) the child victim must testify or be available to testify at the proceeding. *Id.*

The trial court has broad discretion in determining the admissibility of outcry witness testimony. *Garcia*, 792 S.W.2d at 92. We will not reverse the trial court's determination unless the record establishes a clear abuse of discretion. *Id.* The trial court clearly abuses its discretion when its determination regarding the admissibility of evidence lies outside "the zone of reasonable disagreement." *Weatherred v. State*, 15 S.W.3d 540, 540 (Tex. Crim. App. 2000).

## B. Analysis

Tirado-Morales frames his first issue as whether the trial court erred in designating Polanco-Contreras as the outcry witness regarding E.G.'s outcry statement. The record reflects the State notified Tirado-Morales of Polanco-Contreras's identity and provided a summary of her testimony. Polanco-Contreras, Rosalia, and E.G. testified at a reliability hearing held outside the jury's presence, and their testimony established Polanco-Contreras was the first person over the

age of 18 to whom E.G. spoke in detail about the offense. Accordingly, we conclude the trial court did not abuse its discretion in designating Polanco-Contreras as the outcry witness and permitting her to testify regarding the substance of E.G.'s outcry statement. *See Lopez*, 343 S.W.3d at 140; *Garcia*, 792 S.W.2d at 92.

Tirado-Morales also appears to argue the trial court erred in permitting the State to elicit hearsay testimony from Officer Stoever and Rosalia at trial. Officer Stoever testified he was dispatched to E.G's school to speak to witnesses and make a report. After interviewing both E.G. and K.G., Officer Stoever indicated in his report that E.G. was a victim of aggravated sexual assault of a child, K.G. was a victim of indecency with a child by contact, and both E.G. and K.G. identified Tirado-Morales as their abuser. Assuming any of Officer Stoever's testimony was inadmissible hearsay, Tirado-Morales waived any error by failing to object to the testimony at trial. *See* TEX. R. APP. P. 33.1; TEX. R. EVID. 103(a).

Over Tirado-Morales's hearsay objection, Rosalia testified at trial that when she asked E.G. if someone had molested her, E.G. responded that "Lalo" (Tirado-Morales) had molested her. Assuming the trial court erred in failing to sustain Tirado-Morales's hearsay objection, any error was harmless because the same information was properly admitted through other witnesses. *See Brooks v. State*, 990 S.W.2d 278, 287 (Tex. Crim. App. 1999) (noting any error in admitting hearsay evidence may be harmless if other properly admitted evidence proves the same fact). Both Polanco-Contreras, as the properly designated outcry witness, and E.G. testified that Tirado-Morales sexually assaulted E.G. Accordingly, any error in admitting Rosalia's testimony was harmless. *See id.*

For these reasons, Tirado-Morales's first issue is overruled.

## Criminal District Court's Jurisdiction

In his second issue, Tirado-Morales argues the trial court, sitting as the criminal district court, lacked jurisdiction to enter the judgments because the record affirmatively demonstrates Tirado-Morales was under the age of 17 at the time the offenses were committed. Tirado-Morales argues the record is "wholly devoid" of anything indicating his cases were properly certified and transferred to the criminal district court.

Although the juvenile court has exclusive, original jurisdiction over offenders under the age of 17, the juvenile court may waive jurisdiction and transfer the case to a criminal district court in certain circumstances. TEX. FAM. CODE ANN. §§ 51.04(a), 54.02. Here, the record affirmatively demonstrates the juvenile court conducted a section 54.02 hearing, waived its exclusive, original jurisdiction, and transferred both cause numbers to itself as the criminal district court. Accordingly, we conclude the trial court, sitting as the criminal district court, had jurisdiction to enter the judgments in both cause numbers. Tirado-Morales's second issue is overruled.

## Conclusion

Having overruled both of Tirado-Morales's issues, we affirm the trial court's judgment.

Sandee Bryan Marion, Chief Justice

DO NOT PUBLISH